NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2751
_____

MARY A. GRIFFIN,
Appellant

v.

STATE OF NEW JERSEY DEPT. OF HUMAN SERVICES;
LISA MARKOWITZ GREEN; VIRGINIA CARLSON;
CHRISTINA MONGON; JEAN DIVITTO; LAURI WOODWARD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-14697)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 23, 2021
Before:  MCKEE, SHWARTZ, and RESTREPO, Circuit Judges

(Opinion filed: August 26, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Mary Griffin appeals the District Court's order dismissing her complaint. For the reasons set forth below, we will affirm.

Griffin, presently a 60-year-old African American female, was hired by the New Jersey Department of Human Services ("DHS") in 2001 as a Technical Assistant III ("TA3"). A second TA3, a white female, was hired one year later, but was given the more favorable title of Senior Clerk Typist. Because they performed the same work, DHS agreed to change Griffin's job title to Senior Clerk Typist as well. However, a year later, Griffin was demoted back to her original title because she had not completed a required typing exam or desk audit. Griffin allegedly requested a desk audit but never received one, an action that Griffin contended was an effort to block her from career advancement.

Nearly a decade later, in 2012, Griffin claimed that she was subject to disciplinary actions based on false accusations. She alleged that other DHS employees publicly demeaned her, made comments about her religion, circulated emails about her, and prevented her from moving to a different internal job. After Griffin filed a discrimination grievance that same year, her coworkers allegedly continued to levy false accusations against her in retaliation. She continued to inquire to supervisors about her promotion until 2014.

In 2018, Griffin filed a complaint in federal court alleging violations of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-12; Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act ("ADEA"); the Fair Labor Standards Act ("FLSA"); and the Fourteenth Amendment. The District Court

2

granted defendants' motion to dismiss, determining that Griffin's claims were untimely. This timely pro se appeal followed.[1]

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal under Rule 12(b)(6). See W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010). To state a claim, a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We construe Griffin's pro se complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

On appeal, Griffin challenges only the District Court's determination that the continuing violations doctrine did not apply to her NJLAD claim.[2] She argues in her brief that her supervisors refused to include her "out-of-title" work in her yearly performance evaluations from 2016 to 2018. She states that she was promoted in 2018 only after other defendants retired from their positions. However, those factual allegations were not included in Griffin's original complaint or amended complaint and we therefore cannot consider them on appeal. See Tri-M Grp., LLC v. Sharp, 638 F.3d

---

[1] This appeal was originally administratively closed after Griffin failed to file an opening brief. However, Griffin filed a motion for relief under Rule 60(b) in the District Court, which we construed as a motion to reopen her appeal. We granted the requested relief and reopened this appeal. Griffin v. State of N.J. Dep't of Human Srvcs., No. 20-2000 (3d Cir. July 13, 2020).

[2] In her opening brief, Griffin did not contest the District Court's dismissal of her Title VII, ADEA, FLSA, and Fourteenth Amendment claims, and she has thus forfeited those claims. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

406, 416 (3d Cir. 2011) (noting that arguments not raised in the district court will not be considered for the first time on appeal).

We agree that Griffin's claims, as alleged in her complaint, were untimely. Claims under the NJLAD are subject to a two-year statute of limitations. See Montells v. Haynes, 627 A.2d 654, 655 (N.J. 1993). Under the continuing violations doctrine, "[w]hen an individual is subject to a continual, cumulative pattern of tortious conduct, the statute of limitations does not begin to run until the wrongful action ceases." Wilson v. Wal-Mart Stores, 729 A.2d 1006, 1010 (N.J. 1999). However, discrete acts—such as demotions, transfers, and failures to promote—do not fall under the continuing violations doctrine and are subject to the NJLAD's two-year statute of limitations. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002); Roa v. Roa, 985 A.2d 1225, 1232-33 (N.J. 2010).

Here, Griffin alleged only discrete acts such that the continuing violations doctrine does not apply. She complained that she was demoted in 2003 and was denied the tests required for a promotion. She was again passed over for a promotion in 2011. Then, in 2012, she was subject to disciplinary action based on allegedly false accusations.[3]  A

---

[3] Griffin sometimes characterizes her claim as one of hostile work environment. However, as detailed in the text above, she complains of discrete acts, and "individually actionable allegations cannot be aggregated." Roa, 985 A.2d at 1232 (quoting O'Connor, 440 F.3d at 127). In any event, however characterized, these acts all occurred well more than two years before Griffin filed her complaint. In her complaint, Griffin also included a list of undated actions allegedly taken by various coworkers. See Compl. at 5-6. However, nothing in the list indicates that the actions were discriminatory in nature or that they continued into the limitations period. Griffin did not mention these allegations in her brief at all, let alone clarify when they occurred.

4

demotion, a failure to promote, and a single disciplinary action are discrete acts of discrimination that do not justify application of the continuing violations doctrine. See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006) (holding that "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, wrongful discipline, denial of training, wrongful accusation" were discrete acts not subject to the continuing violations doctrine); Shepherd v. Hunterdon Developmental Ctr., 803 A.2d 611, 622 (N.J. 2002). Thus, because the last discrete act that Griffin alleged in the District Court (in her response to the defendants' motion to dismiss) occurred in 2014 at the latest, the District Court correctly concluded that the 2018 complaint was untimely.

Accordingly, we will affirm the judgment of the District Court.